IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RONALD DEWITT KIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1203 (LMB/IDD) |
| | ) | |
| STEVEN A. HERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On July 18, 2025, pro se plaintiff Ronald Kight filed a 67-page handwritten Complaint

against "Steven A. Herman," whom the plaintiff describes as a "sub-agent" and "photographer

for the FBI," and unnamed FBI employees (collectively, "defendants"). [Dkt. No. 1] at 1–2.[1]

The Complaint alleges that the defendants have "abridge[d] the Constitution, civil rights, and

statutes in a federal entrapment procedure against" the plaintiff "without due process of law." Id.

at 3. It claims the defendants have "use[d] dangerous and harmful psychiatric drugs" and

"airborne/toxic solvents/chemicals" such as "nerve gas," as well as an "electromagnetic"

photography device, to cause the plaintiff "left eye damage, limbs, legs, back, heart, . . . [and]

right foot damage," a "heart attack," "spine damage" and other "suffering" that amounts to

"torture." Id. at 4, 7, 10. The Complaint further alleges that Herman "greatly controls [the

plaintiff's] body's movement, heart beat, and blood pressure," and that Herman "talks to" the

plaintiff's "subconscious" as the plaintiff is "in REM 2 sleep," thereby manipulating plaintiff's

dreams. Id. at 6. The Complaint contends that the harm occurred in various places, such as

---

[1] The plaintiff used part of a form designed to help pro se plaintiffs file civil complaints, but did
not follow its instructions to provide a "short and plain statement of the claim." See Pro Se 1
(Rev. 12/16) at 4.

Berkeley, CA, Oakland, CA, Portland, OR, Washington DC, and Spring Hill, VA, which is in the Western District of Virginia. Id. at 4–5, 20–25. It seeks $750,000, "relief under the Fourteenth Amendment," and an injunction to prohibit Herman from "spraying any dangerous psychiatric drugs or toxic chemicals on my persons." Id. at 4. In addition to the Complaint, the plaintiff filed a medical record indicating that he recently visited an emergency room for chest pain, as well as multiple addendums to the Complaint that contain 20 additional pages of handwritten allegations. See [Dkt. Nos. 2–9].[2]

Given that the plaintiff has sought leave to proceed in forma pauperis ("IFP"), see [Dkt. No. 3], his Complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that a court "shall dismiss" an action filed IFP "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." Id. A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks a factual basis when the allegations are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Naja v. Zahir, No. 3:21-cv-361, 2021 WL 5348671, at *6 (E.D. Va. Nov. 16, 2021) (quoting Denton v. Hernandez, 504 U.S. 25, 25 (1992)). Screening for frivolity and for failure to state a claim is part of this Court's independent obligation to ensure that pleadings "raise a right to relief," such that a claim is "plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), even in the absence of a challenge from any party. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).

---

[2] One of the documents that provided additional information was docketed as a "First Amended Complaint." [Dkt. No. 5]. Construing the filings in the light most favorable to the pro se plaintiff, the operative Complaint remains at [Dkt. No. 1], which contains the vast majority of the plaintiff's allegations, and is the only document that identifies defendants in a case caption and utilizes the standard form for pro se litigants to use when filing a complaint.

The Complaint fails to state a claim upon which relief can be granted because it is delusional. Specifically, the Complaint's allegations that government agents are manipulating the plaintiff's mind and body from afar with electromagnetic devices are "fanciful, fantastic, and delusional." Meyers v. Locklear, No. 1:22CV348, 2022 WL 22840376, at *2 (M.D.N.C. Oct. 31, 2022), report and recommendation adopted, No. 1:22CV348, 2022 WL 22840377 (M.D.N.C. Dec. 9, 2022). The claim that Herman is able to inject thoughts into the plaintiff's mind as he sleeps is unsupported by existing technology, and the Complaint does not provide a plausible explanation for how the defendants are poisoning the plaintiff with the litany of drugs and substances he lists. As in Meyers, the Complaint's "long, rambling, and conspiratorial" allegations cannot survive a court's IFP review. Id. Moreover, it is unclear from the face of the Complaint whether venue is proper in the Eastern District of Virginia, because all specific allegations of alleged harmful conduct occurred are outside of this District. For these reasons, the Motion to Proceed In Forma Pauperis [Dkt. No. 3] is DENIED; and it is hereby

ORDERED that the Complaint be and is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that, because this is a final decision that closes this civil action, the plaintiff may not file any further documents in this civil action other than a notice of appeal.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk's Office is directed to forward a copy of this Order to pro se plaintiff Ronald

Dewitt Kight at his address of record and to close this civil action.[3]

Entered this 25 day of July, 2025.

Alexandria, Virginia

_____ /s/ ⟍⟋m3

Leonie M. Brinkema
United States District Judge

---

[3] In his IFP application, the plaintiff states that he is homeless; however, the Complaint lists 2512 Virginia Ave N.W. Washington, D.C. 20037 as his address, which is the address for the Watergate Complex. That will be the address to which this Order will be sent. If this Order is returned as undeliverable, that will constitute a separate ground for dismissal because a plaintiff is required to provide the Court with a current address to which court documents can be sent. See E.D. Va. Local Civil Rule 7(B); Hines v. Ormond, 2023 WL 2056000, at *2 (E.D. Va. Feb. 16, 2023) (stating "a litigant . . . has a duty to keep the Court informed of his correct address").